GLR/byk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**IN RE SUBPOENA DUCES TECUM
DIRECTED TO RCA GROUP**
　　　　　　　　　　　　　　　　　　　　　**Case No. 06-MC-230-
　　　　　　　　　　　　　　　　　　　　　JWL-GLR**

_____

**QUENTON GITTENS, a/k/a
TIM GITTENS, a/k/a HEADACHE,**

　　　　　　　　　　　　　**Plaintiff,**

　　　　　　　　　　　　　　　　　　　　　**Relating to a Civil
Action**
**v.**　　　　　　　　　　　　　　　　　**Pending in the Eastern
　　　　　　　　　　　　　　　　　　　　　District of
　　　　　　　　　　　　　　　　　　　　　Pennsylvania**
**THE BASKETBALL MARKETING**　　　　　**Case No. 04-CV-1129**
**COMPANY, INC. d/b/a AND 1,**

　　　　　　　　　　　　　**Defendant.**

## MEMORANDUM AND ORDER

　　　　The Court has before it Plaintiff Tim Gittens' Motion to Enforce Subpoena (doc. 1).

Plaintiff moves, pursuant to Fed. R. Civ. P. 45, to enforce his subpoena for non-party RCA

Group, Inc. (RCA) to produce and permit inspection and copying of documents.  Plaintiff

asserts that the objections by RCA to the subpoena are without merit, that the requested

documents are discoverable, that the subpoena should be enforced and RCA ordered to respond

without objection.  Opposing the motion, RCA argues the request for documents is overly

broad and unduly burdensome.  For the following reasons, the Court will grant the motion in

part and deny it in part.

## I.      Background

Plaintiff, a professional basketball player, and defendant Basketball Marketing Company Inc. d/b/a/ "AND 1" entered into a series of endorsement contracts for a period 1999 through 2004.  Plaintiff thereby licensed to Defendant the right to use his name, image and likeness in exchange for a fee at events held at arenas across the country.  These events bore the name "AND 1 MixTape Tour."  Non-party RCA provided event management, security, ticketing, product sales, publicity, and other services to Defendant for the AND 1 MixTape Tour.  RCA had no contractual relationship with Plaintiff.

In 2004 Plaintiff commenced an underlying action against Defendant as Case Number 04-cv-1129 in the United States District Court for the Eastern District of Pennsylvania.  He thereby asserts claims for breach of contract, defamation, and damages under the Lanham Act for the allegedly unlicensed use of intellectual property.  Plaintiff seeks to recover all profits Defendant received from any item containing Plaintiff's name, image, or likeness.

On August 18, 2006, Plaintiff served a subpoena duces tecum on RCA in Prairie Village, Kansas.  The subpoena seeks production of correspondence between RCA and Defendant.  It also asks for the reports of RCA from the MixTape Tour shows it operated.  Specifically, Schedule A to the subpoena requested that RCA produce:

> 1.      All correspondence (electronic or paper), exchanged between you (or any of your subsidiaries, divisions, and affiliates), and defendant The Basketball Marketing Company, Inc., d/b/a AND 1 (or any successor, or anyone purporting to act on the Defendant's behalf), which are dated or refer or relate to events, transactions or circumstances occurring from January 1, 2003, to the time of your production of the documents set forth in this schedule.

2.      All event reports, show reports, and summaries of same, regarding the 2002, 2003, 2004, 2005, and 2006 AND 1 MixTape Tours (sample Show Reports are attached to assist you in identifying additional responsive documents).

In its motion plaintiff summarizes its subpoena as follows: "The Subpoena seeks <u>only two</u> categories of documents: correspondence between RCA and the defendant concerning Mr. Gittens or the Tour, and; RCA's reports from the MixTape Tour shows it operated."

On August 28, 2006, counsel for RCA served written objections to the subpoena. RCA objected to Request No. 1 as overly broad and unduly burdensome, in that it seeks voluminous correspondence between RCA and Defendant that has no bearing on the relationship between Plaintiff and Defendant. RCA argues the documents sought are not reasonably calculated to lead to the discovery of admissible evidence. It objects that it would incur undue expense to respond to Request No. 1 and that the subpoena seeks confidential and proprietary information concerning its promotion of the events. RCA objected to the subpoena's Request No. 2 as "so overbroad and unduly burdensome as to seek reports and summaries that have no bearing on the relationship between [Plaintiff] and [Defendant], and accordingly is not reasonably calculated to lead to the discovery of admissible evidence."

## II.    Applicable Rule - Federal Rule of Civil Procedure 45(c)

Recently amended Federal Rule of Civil Procedure 45(c)[1] sets forth the procedures for enforcement of a subpoena and for a non-party to object to it. A non-party, served with a subpoena to which it objects, may move to quash or modify the subpoena pursuant to Fed. R.

---

[1]Certain sections of Fed. R. Civ. P. 45(c) were amended effective December 1, 2006. Although Plaintiff's Motion to Enforce Subpoena was filed prior to the effective date of the amendments, the Court will apply the amended version of Rule 45(c) for purposes of ruling on the motion.

3

Civ. P. 45(c)(3)(A), seek a protective order pursuant to Fed. R. Civ. P. 26(c), or serve written objection pursuant to Fed. R. Civ. P. 45(c)(2)(B).  Written objection must be served upon the party or attorney designated in the subpoena within fourteen days after service of the subpoena or before the time specified for compliance, if such time is less than fourteen days after service.[2]  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials except pursuant to an order of the court by which the subpoena was issued.[3]  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.[4]  "Such an order to compel shall protect any person who is not a party . . . from significant expense resulting from the inspection, copying, testing, or sampling commanded."[5]

**III.**     **Subpoena requests in dispute and objections by RCA.**

     **A.**     **Request No. 1**

Subpoena Request No. 1 seeks all correspondence between RCA and Defendant, "which are dated or refer or relate to events, transactions or circumstances" occurring after January 1, 2003, to present.  RCA objects to this request as overly broad and unduly burdensome.  It contends that the requested production would cause it "great and undue expense."  It notes that it had no contractual relationship with Plaintiff and that its role was only

---

[2]Fed. R. Civ. P. 45(c)(2)(B).

[3]*Id.*

[4]Fed. R. Civ. P. 45(c)(2)(B).

[5]Fed. R. Civ. P. 45(c)(2)(B) (as amended Dec. 1, 2006).

to promote events.  It claims it was not involved with, nor did its responsibilities include, handling the contractual relationship between Defendant and Plaintiff.

RCA also argues that the request "is so broad as to include confidential and proprietary information about RCA's promotion of events, financial reports of events and promotions, expenses, marketing strategies, and RCA's relationship with Defendant."  RCA suggests that the requested documents have nothing to do with the relationship between Defendant and Plaintiff and that the request is thus not reasonably calculated to lead to the discovery of admissible evidence.

RCA thus asserts its objections in only general terms, i.e. that the requested discovery would include its confidential and proprietary information and, therefore, is overly broad, burdensome, and would impose great and undue expense.  RCA provides no further detail to support those objections, but concedes it would include the specific categories of documents identified in its memorandum.  It then argues that the request for those documents "is not reasonably calculated to lead to the discovery of admissible evidence."  RCA thus bases its objections upon grounds of irrelevancy, even though relevancy is broadly defined for purposes of discovery.

Irrelevance in and of itself does not appear among the enumerated reasons for protection against a subpoena under Rule 45, as amended effective December 1, 2006.  It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34.[6]  The court must therefore examine whether a request in a subpoena

---

[6]*See* Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").  *See also* 9A Charles Alan Wright &

is overly broad or seeks irrelevant information under the standards set forth in Rule 26(b) and as applied to requests for production under Rule 34.[7]

Whether a subpoena imposes an undue burden upon a respondent raises a case-specific inquiry. It turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."[8]  Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and status as a non-party is a factor that weighs against disclosure.[9]  Demonstrating relevance is the burden of the party seeking the discovery.[10]

The Tenth Circuit recognizes a balancing test for quashing a subpoena because of undue burden.[11]  Although relevance by itself may or may not be an issue, the Tenth Circuit has referred to an "appropriate balancing test" concerning the information sought vis-a-vis the

---

Arthur R. Miller, Federal Practice and Procedure § 2459 at p. 42 (2d ed. 1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rules 26(b) and 34).

[7]*Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.,* 211 F.R.D. 658, 662 (D. Kan. 2003) (citing *Phalp v. City of Overland Park, Kan.*, No. 00-2354-JAR, 2002 WL 1162449, at *3-4 (D. Kan. May 8, 2002)).

[8]*Id.* (quoting *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y.1979)).

[9]*Id.* at 663 (citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993); *Echostar Commc'ns Corp. v. The News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); Fed. R. Civ. P. 45(c)(2)(B)).

[10]*Id.* (citing *Katz*, 984 F.2d at 424-25; *Echostar*, 180 F.R.D. at 394; *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335 (N.D. Cal.1995)).

[11]*In re Coordinated Pretrial Proceedings in Petroleum*, 669 F.2d 620, 623 (10th Cir. 1982).

burden imposed upon the responding party.[12]   A court may consider relevance, therefore, in determining whether production would create an undue burden.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[13]

In this case RCA objects to the subpoena upon the assumption it seeks voluminous correspondence between it and Defendant that has no bearing on the relationship between Plaintiff and Defendant.  In reply Plaintiff asserts that the request seeks documents needed to determine the income and profits Defendant earned from the unlicensed use of Plaintiff's name, image, and likeness. Thus he argues the requested documents are *per se* relevant and necessary.  He also asserts a "good-faith belief" that correspondence between Defendant and RCA will contain statements defamatory to Plaintiff and about the wrongful use of his image.

The Court agrees that the request for some correspondence between RCA and Defendant is reasonably calculated to lead to the discovery of admissible evidence.  But the request at issue seeks all correspondence between RCA and Defendant that is dated or refers or relates to events, transactions or circumstances occurring after January 1, 2003 to the present.  The request has no limit, except for a period of time.  The Court finds the request is thus overly broad on its face.  It would require RCA, the subpoenaed party, to produce all correspondence, whether or not it is relevant to the underlying action between Plaintiff and

---

[12]*Id.*

[13]Fed. R. Civ. P. 26(b)(1).

7

Defendant or to the income or profits earned from its allegedly unlicensed use of his name, image, and likeness. Rather than denying the motion to enforce, the Court will modify the subpoena.

The Court finds that the requested correspondence between RCA and Defendant is relevant discovery to the extent it refers to Plaintiff or to the AND 1 MixTape Tours or to any consideration paid to Defendant as a consequence of the Tours. This would include correspondence that is dated or refers to events, transactions or circumstances occurring from January 1, 2003, to the time of production. To require production of other correspondence would create an undue burden. The Court thus grants in part and denies in part Plaintiff's Motion to Enforce as it relates to Request No. 1 and orders the subpoena modified accordingly.

RCA has suggested that the request for correspondence is so broad as to include confidential and proprietary information about its promotion of events, financial reports of events and promotions, expenses, marketing strategies, and its relationship with Defendant. RCA has cited no rule or principle to suggest that confidential or proprietary information is *per se* immune from discovery, and the Court otherwise knows of none. If RCA contends that any particular item of correspondence contains confidential or proprietary information, it may so identify it to plaintiff. Any such identified items shall be subject to protection against disclosure by or on behalf of plaintiff to persons or parties other than the litigants and their counsel and to the Court for the purpose of this or the underlying law suit. If necessary, either party or RCA may move the Court for modification of this protection.

**B.      Request No. 2**

Subpoena Request No. 2 seeks "All event reports, show reports, and summaries of same, regarding the 2002, 2003, 2004, 2005, and 2006 AND1 MixTape Tours. . . ."  In his memorandum Plaintiff clarifies that the subpoena seeks only "RCA's reports from the MixTape Tour shows it operated."  RCA objects to the request for show reports.  It states that it informed Defendant that it did not prepare those reports and that they were prepared by an independent security company.  RCA believes that the vast majority of show reports did not refer to Plaintiff.  It further states, nevertheless, that it committed to determining if RCA was copied on any show reports that referred to Plaintiff.  To date it had found no such reports, but conceded it had yet some files to review.  It agrees to provide any show reports that refer to Plaintiff.  Yet it also maintains its objection that the request to produce show reports covering a span of five years and that do not refer to Plaintiff is overly broad and unduly burdensome. It argues that this information is not reasonably calculated to lead to the discovery of admissible evidence and thus not discoverable.

For reasons already noted, the Court will sustain the motion in part and deny it in part, as it relates to Item 2 of the subpoena.  It finds that the subpoena should be modified to require RCA to produce its event reports and show reports from the AND1 MixTape Tours for the years 2002 through 2006 to the extent they refer to plaintiff.

IT IS THEREFORE ORDERED THAT Plaintiff Tim Gittens' Motion to Enforce Subpoena (doc. 1) is granted in part and denied in part, as set forth herein. **Within 21 days of the date of this Order** RCA shall thus respond to the Subpoena in a Civil Case, as herein modified, by producing for inspection and copying by Plaintiff the documents herein designated for production. Plaintiff shall bear the cost of his inspecting and copying any of the documents thus produced.

Dated in Kansas City, Kansas on this 28th day of December, 2006.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge